Aaron Isaac **FLEMING**, Appellant,

v.

The **STATE** of Texas.

No. 636–99.

Court of Criminal Appeals of Texas, En Banc.

June 21, 2000.

Petition for Discretionary Review from Court of Appeals 9th Supreme Judicial District.

Daniel C. Keeler, Houston, for appellant.

Betty Marshall, Asst. St. Atty., Matthew Paul, State's Atty., Austin, for State.

## *O P I N I O N*

HOLLAND, J., delivered the opinion of the Court in which MEYERS, PRICE, WOMACK and JOHNSON, J.J., joined.

Appellant pled not guilty to two counts of Intoxication Assault and one count of Aggravated Assault, all felonies. *See* TEX. PENAL CODE ANN. §§ 49.07(a)(1) and 22.02(a)(2). A jury convicted him of all three charges and assessed punishment. On each conviction for Intoxication Assault (committed against Clifford Howard and William Bivins, respectively), appellant was sentenced to confinement for two years and a fine of $500. Sentence in both convictions for Intoxication Assault were suspended, and appellant was placed on community supervision. The jury assessed punishment for the conviction for Aggravated Assault (committed against William Bivins) at five years confinement, without community supervision, and made an affirmative finding of the use or exhibition of a deadly weapon by appellant. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12 § 3g(a)(2).

On appeal, appellant argued that the evidence was legally insufficient to sustain the three convictions because "there was no serious bodily injury involved in" any of

---

* TEX.CODE CRIM. PROC. art. 11.07, § 1.

the three offenses. The Beaumont Court concluded that the evidence was legally sufficient to establish that Howard suffered serious bodily injuries, as that term is defined in Section 1.07(a)(46) of the Penal Code, and that the evidence was legally sufficient to establish that Bivins suffered bodily injuries as a result of the use of deadly weapon, to wit, the car driven by appellant. The Beaumont Court sustained appellant's conviction for the Intoxication Assault of Howard and the Aggravated Assault of Bivins. *See Fleming v. State,* 987 S.W.2d 912, 914–19 (Tex.App.-Beaumont 1999). The Beaumont Court also concluded, however, the evidence was not legally sufficient to establish that Bivins suffered serious bodily injuries, and reversed appellant's conviction for the Intoxication Assault of Bivins. *Id.*

We granted the State's petition for discretionary review to determine whether the Beaumont Court erred in concluding that the State did not prove Bivins suffered serious bodily injuries.

After reviewing the petition and brief of the State, the relevant portions of the record, and the opinion of the Beaumont Court, and after hearing oral argument, we conclude that our decision to grant the State's petition was improvident. Accordingly, we dismiss the State's petition. *See* TEX.R.APP. PROC. 69.3.

McCORMICK, P.J., dissented with an opinion, in which MANSFIELD, KELLER, and KEASLER, J.J., joined.

McCORMICK, P.J., delivered a dissenting opinion, in which MANSFIELD, KELLER and KEASLER, JJ., joined.

I respectfully dissent. Appellant was charged with causing "serious bodily injury" to the complainant in a car accident involving two cars. The intoxicated appellant was the driver of one of the cars.

The Court of Appeals decided the evidence is legally insufficient to support the jury's finding that the complainant suffered "serious bodily injury" as defined in Section 1.07(a)(46) of the Texas Penal Code. This complainant testified that he had torn cartilage and a severely jammed hand as a result of the accident. The complainant had arthroscopic surgery on his knee to remove torn cartilage about a month after the accident. The complainant testified that he had had problems with his knee and hand since the surgery. He testified that his hand "[n]ow hurts all the way up to my elbow." This witness testified he missed six weeks of work because of the accident and his injuries.

I would decide that, under a proper application of the evidentiary sufficiency review standard, the evidence is sufficient to support a rational finding that the complainant suffered "serious bodily injury." See *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). On this record, it would not have been unreasonable for a factfinder to infer from the complainant's testimony that the complainant suffered "serious bodily injury" as defined in Section 1.07(a)(46). See *id.*

By focusing on the evidence the State did not produce, instead of the evidence the State did introduce, the Court of Appeals failed to view the evidence in the light most favorable to the prosecution, as mandated by *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and many of this Court's decisions, including *Carlsen v. State,* 654 S.W.2d 444 (Tex.Cr.App.1983)(opinion on rehearing), and *Ransom v. State,* 789 S.W.2d 572 (Tex. Cr.App.1989), *cert.denied,* 497 U.S. 1010, 110 S.Ct. 3255, 111 L.Ed.2d 765 (1990).

Similarly, by focusing on the evidence the State did not produce, the Court of Appeals effectively resurrected the "weak circumstantial evidence case" standard of review discarded by this Court in *Chambers v. State,* 711 S.W.2d 240 (Tex.Cr.App. 1986).

And, by re-deciding the weight and credibility of the evidence, the Court of Appeals improperly assumed the role of a

13th juror, in conflict with numerous decisions of this Court, including *Hughes v. State*, 897 S.W.2d 285 (Tex.Cr.App.1994), *cert.denied*, 514 U.S. 1112, 115 S.Ct. 1967, 131 L.Ed.2d 857 (1995), and *Moreno v. State*, 755 S.W.2d 866 (Tex.Cr.App.1988).

By relying on this Court's decision in *Webb v. State*, 801 S.W.2d 529 (Tex.Cr. App.1990), to discount Bivins' surgery and its aftereffects in determining whether he suffered "serious bodily injury," the Court of Appeals has issued an opinion in conflict with V.T.C.A., Penal Code, Section 6.04(a), and the cases from this and other courts holding a person criminally responsible for his conduct if the result would not have occurred but for his conduct. See *Wright v. State*, 388 S.W.2d 703 (Tex.Cr.App. 1965); *Franklin v. State*, 137 Tex.Crim. 136, 128 S.W.2d 389 (1939); *Bell v. State*, 774 S.W.2d 371 (Tex.App.—Austin 1989, pet.ref'd), *cert.denied*, 497 U.S. 1008, 110 S.Ct. 3248, 111 L.Ed.2d 758 (1990); *Phea v. State*, 767 S.W.2d 263 (Tex.App.—Amarillo 1989, pet.ref'd); *More v. State*, 692 S.W.2d 912 (Tex.App.—Houston [14th Dist.] 1985, pet.ref'd).

I respectfully dissent.

MANSFIELD, KELLER and KEASLER, JJ., join this dissent.